UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FUELS, INC.,

       Plaintiff,

v.

FLATROCK SABEEH
CORPORATION, *et al.*,

       Defendants.
_____/

Case No. 08-12132

Julian Abele Cook, Jr.
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

### REPORT AND RECOMMENDATION
### TO VACATE ENTRY OF DEFAULT (Dkt. 6)
### AND REMAND TO STATE COURT

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint in state court on February 14, 2008, against defendants Flatrock Sabeeh Corporation, Midwest Oil Supply (both of whom are Michigan corporations), and against Nagi Ashaif and Mohssen Harby (both of whom are individuals). (Dkt. 1). Defendants Flatrock Sabeeh Corporation, Ashaif, and Harby (the Flatrock defendants) acknowledged receipt of the complaint on April 25, 2008, and asked for an extension to answer the complaint, which was granted by plaintiff's attorney. (Dkt. 1). The Flatrock defendants filed an answer in state court on May 13, 2008, and also filed a notice of removal pursuant to 28 U.S.C. §§ 1446(b), 1441 (with the consent of defendant Mid-West

Oil) based on a federal question jurisdiction, along with a counter-complaint on May 15, 2008. (Dkt. 1).

On July 11, 2008, the Flatrock defendants filed a notice of request for entry of default, which was entered by the Clerk of the Court on July 14, 2008. (Dkt. 2, 5). Plaintiff filed a motion to set aside the default on August 15, 2008, along with an answer to the counter-complaint. (Dkt. 6-8). On September 15, 2008, District Judge Julian Abele Cook referred to the undersigned the motion to set aside entry of default, for hearing and determination, pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 9).[1]

Plaintiff filed its motion on August 15, 2008, attaching multiple letters to the Flatrock defendants' counsel, seeking concurrence in the relief requested. (Dkt. 6, 7). The Flatrock defendants' response was due on September 2, 2008. *See* Local Rule 7.1, Fed.R.Civ.P. 6(a) and 6(e). The Flatrock defendants filed a response on September 18, 2008. (Dkt. 10). The Court set a hearing on the motion to set aside the entry of default for October 14, 2008. (Dkt. 11). The Court held a hearing on that date and ordered the parties to brief the issue of

---

[1] While the motion to set aside the default was referred for hearing and determination, given that dispositive relief is recommended and that magistrate judges are without authority to enter a dispositive order, a report and recommendation is the proper course under these circumstances.

federal removal/subject matter jurisdiction.² Plaintiff filed its supplemental brief on jurisdiction on November 3, 2008. (Dkt. 14). The Flatrock defendants filed their supplemental brief on jurisdiction on November 14, 2008. (Dkt. 16). The Court held a second hearing on November 17, 2008 and invited the parties to submit any further support for their positions on jurisdiction by November 21, 2008. Plaintiff filed a second supplemental brief on November 20, 2008. (Dkt. 17).

For the reasons set forth below, the undersigned **RECOMMENDS** that the entry of default be **VACATED** and that this matter be **REMANDED** to state court for want of jurisdiction.

## II. PARTIES' ARGUMENTS

### A. The Flatrock Defendants

According to the Flatrock defendants, removal of plaintiff's complaint to federal court was proper because the complaint is really grounded in the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* (PMPA), given that the contract attached to its complaint contains a provision stating that "[t]his agreement is subject to the Petroleum Marketing Practices Act." (Dkt. 13, pp. 2, 4). The

---

² Given that plaintiff is a Michigan corporation and several defendants are either Michigan corporations or Michigan residents, diversity jurisdiction is neither implicated nor disputed.

Flatrock defendants further assert that removal to federal court was proper because their countercomplaint includes claims based on the PMPA. *Id*.

The Flatrock defendants rely primarily on *PDV Midwest Refining LLC v. Armada Oil & Gas Company, Inc.*, 116 F.Supp.2d 851 (E.D. Mich. 2000) for their claim that this Court has subject matter jurisdiction based on a counterclaim grounded in the PMPA. (Dkt. 13, p. 3). The Flatrock defendants also rely on *Rustom v. Atlantic Richfield Co.*, 618 F.Supp. 210 (C.D. Cal. 1985) for their claim that the federal courts have exclusive jurisdiction over claims brought under the PMPA. (Dkt. 13, p. 3). The Flatrock defendants argue that, because the complaint alleges violations of the parties' contract, and the parties' contract references the PMPA, this Court has jurisdiction over plaintiff's breach of contract claims. (Dkt. 13, p. 4).

In their supplemental brief, the Flatrock defendants further argue that, because they are the "plaintiffs" in the countercomplaint, their affirmative claims against plaintiff/counter-defendant may be considered for purposes of federal question subject matter jurisdiction. (Dkt. 16, pp. 2-3). That is, according to the Flatrock defendants, this Court's subject matter jurisdiction is based on both complaints, not just on plaintiff's complaint. *Id*. at 3.

B. <u>Plaintiff</u>

Plaintiff asserts that removal of the complaint was improper because no federal question is evident from the face of its complaint. Plaintiff argues that whether this Court has removal/subject matter jurisdiction is governed by [RL & DG Investments-Chelsea v. Ottoman, 2008 WL 474080 (E.D. Mich. 2008)](#), in which the court affirmed the following long-standing rule: whether a party may remove to federal court is "guided by the well-pleaded complaint rule, which states that 'federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint.'" [RL&DG, at *2](#), quoting, [Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 259 (6th Cir. 1996)](#). (Dkt. 14, pp. 2-3). Plaintiff argues the removal was improper because it violates the well-established principle that whether a complaint is removable to federal court is determined by the plaintiff's pleadings only and a defendant cannot create removal jurisdiction by raising a federal question as a defense. (Dkt. 14, p. 3).

In its supplemental brief on jurisdiction, plaintiff distinguishes the cases relied on by the Flatrock defendants, asserting that [PDV Midwest Refining](#) does not address removal jurisdiction and merely stands for the proposition that, in a case originating in federal court, the court had jurisdiction to resolve counterclaims brought under the PMPA. (Dkt. 18, p. 3). Plaintiff also

distinguishes *Rustom*, arguing that the instant case is different in several important respects: first, unlike the plaintiff in *Rustom*, plaintiff here did not allege any claims under the PMPA; second, *Rustom* did not involve removal jurisdiction; and third, *Rustom* is non-binding authority. (Dkt, 18, pp. 4-5). Plaintiff also asserts, contrary to claims made by the Flatrock defendants, that claims like plaintiff's are routinely litigated in Michigan state courts, which shows that federal courts do not have exclusive jurisdiction over every claim brought pursuant to a contract implicating the PMPA. (Dkt. 18, p. 5) (citing, *Hamade v. Sunoco, Inc.*, 217 Mich.App. 145, 721 N.W.2d 233 (2006)).

## III. DISCUSSION

### A. Legal Standards

When jurisdiction is disputed, the removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). This burden is a difficult one to overcome; removal statutes are "strictly construed," and any ambiguities "must be resolved] ... in favor of the nonremoving party." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). Further, "'defects in subject matter jurisdiction cannot be waived by the parties

and may be addressed by a court on its own motion at any stage of the proceedings.'" *Fowlkes v. Nat'l Archive and Record Adm.*, 2006 WL 3545105, *3 (S.D. Ohio 2006), quoting, *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). Without subject matter jurisdiction, even a default judgment cannot stand. *Fowlkes*, at *3, citing, *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under [Rule] 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter ....") (internal quotation marks omitted); *see also Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("we agree with the district court that the default judgment should be set aside and the case dismissed for lack of subject matter jurisdiction.").

Based on the foregoing principles, if this Court does not have subject matter jurisdiction, the entry of default must be vacated and the entire matter must be remanded to state court. As set forth below, this is precisely the result recommended by the undersigned.

　　　　B.　　Plaintiff's Complaint Does Not Raise a Federal Question.

Contrary to the Flatrock defendants' position, it appears from the notice of removal that the sole basis for the Court's jurisdiction is found in the Flatrock defendants' federal question counterclaims, which simply cannot properly form the basis for removal jurisdiction. *See e.g.*, *Phillips Petroleum Co. v. Texaco, Inc.*,

415 U.S. 125, 127-28 (1974) (to secure federal subject matter jurisdiction, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."); Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 334 (6th Cir. 1989) ("A defendant cannot create removal jurisdiction merely by raising a federal question as a defense."); Credit Union One v. Tindall, 2008 WL 1805333 (E.D. Mich. 2008) (A defendant "cannot render the case subject to the subject matter jurisdiction of the federal courts by raising federal defenses or counter claims."). Indeed, "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

After reviewing plaintiff's complaint, the undersigned concludes that it contains no claims for recovery under the PMPA and does not allege that the Flatrock defendants violated the PMPA. The undersigned is not convinced by the Flatrock defendants' suggestion that, merely because the contract at issue contains a provision mentioning the PMPA, all causes of action for breach of that contract arise under the PMPA. If the Flatrock defendants' view of preemption were accepted, virtually any state law breach of contract claim would be transformed into a federal claim if the contract mentions a federal statute. The Court finds no

support in the law for such a result, absent complete preemption (which is addressed below), and the Flatrock defendants offer none. In accordance with its duty to "strictly construe" the removal statute and resolve any ambiguities "in favor of the non-removing party," the undersigned suggests that the Flatrock defendants have failed to satisfy their burden of establishing, based on the face of plaintiff's complaint, that removal to federal court was proper. *See Alexander*, 13 F.3d at 949.

> C. The PMPA Does Not Occupy the Entire Field and No Exception to the Well-Pleaded Complaint Rule is Applicable.

If federal jurisdiction cannot be found on the face of plaintiff's complaint, the only exception to the "well-pleaded complaint" or "artful pleading" rule is where Congress has enacted a legislative scheme that "occupies the entire field" of the subject matter at issue. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim."). The "complete preemption" doctrine serves to "recharacterize a state law claim ... as an action arising under federal law" and "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Ritchie v. Williams*, 395 F.3d 283, 286 (6th Cir. 2005), quoting, *Metro. Life*, 481 U.S. at 64-65. Stated another way, the complete preemption doctrine "permits

recharacterization of a plaintiff's claim as a federal claim so that removal is proper" even though the complaint may not mention a federal basis of jurisdiction. *Ritchie*, 395 F.3d at 286, quoting, *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000). As set forth above, the Flatrock defendants alternatively claim that the federal courts have exclusive jurisdiction under the PMPA and that plaintiff's claims cannot be brought in state court.

While the Circuits are not all in agreement on whether the PMPA is a statute that completely occupies the field, the field, the Sixth Circuit made it clear in *Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1058 (6th Cir. 1994) that, in its view, Congress did *not* intend to "occupy the entire field" through the PMPA:

> When Congress enters "a field which the States have traditionally occupied," we "assum[e] that the historic police powers of the States were not to be superseded" unless we are convinced that such preemption was "the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *Darling v. Mobil Oil Corp.*, 864 F.2d 981, 986 (2d Cir. 1989) (explaining that a finding of preemption under the PMPA "should be reached in a careful and judicious manner to avoid unwarranted disruption of important state policies.").
> * * *
> we hesitate to disregard Congress' clear delineation of the types of state laws preempted by the PMPA. "By specifying with such precision when the states must stand aside in favor of federal regulation, Congress implicitly marked out the bounds of the power it intended to exercise." * * * To find preemption "in areas

10

Report and Recommendation
Vacate Default and Remand to State Court
*Michigan Fuels v. Flatrock*; 08-12132

> that Congress left to the control of the states" would
> frustrate the will of Congress. *Bellmore v. Mobil Oil
> Corp.*, 783 F.2d 300, 305 (2d Cir. 1986) (internal
> citations omitted).

Plainly, the Sixth Circuit concluded that the PMPA does *not* preempt all state law. Thus, the Flatrock defendants reliance on *Rustom* – a contrary case from the Ninth Circuit – is entirely misplaced. *See also* [Consumers Petroleum v. Texaco, 804 F.2d 907, 915 (6th Cir. 1986)](#) (The PMPA "does not preempt every state law that relates remotely to the termination or nonrenewal of petroleum franchises; but it does preempt any state law with respect to 'grounds for, procedures for and notification requirements' with respect to terminations and nonrenewals."). It also appears, from the face of plaintiff's complaint, that it brings no claims falling within the limited preemptive scope of the PMPA.[3]

---

[3] Even to the extent that the PMPA preempts state law, as set forth in *Geib*, the Flatrock defendants offer no authority in this Circuit standing for the proposition that such claims may not be brought in state court. Preemption and exclusive jurisdiction are different concepts. For example, the Employee Retirement Income Security Act (ERISA) completely preempts state law. *Ritchie, supra* ("The doctrine of complete preemption applies, for example, in the labor management collective bargaining field and to ERISA plans."). However, while ERISA claims may be brought in state court based on concurrent jurisdiction, pursuant to the complete preemption doctrine, such complaints may be removed to federal court even if an ERISA claim does not appear on the face of the complaint. *See e.g.*, [Holbrook v. Cherokee Distributing Co., Inc., 2007 WL 223143, *1 (E.D. Tenn. 2007)](#) ("State and federal courts have concurrent jurisdiction to decide cases brought under ERISA. *See* 29 U.S.C. § 1132(e)(1). Nevertheless, a defendant may seek removal of the action to federal court as long as the substance of the litigation

Moreover, as plaintiff correctly points out, contracts implicating the PMPA are regularly litigated in Michigan state courts. *See e.g.*, *Hamade v. Sunoco, supra* (dispute involving contract that was a franchise for purposes of the PMPA.). In addition, the Michigan Fuel Distribution Act, M.C.L. § 445.1801, *et seq*, specifically mentions the PMPA, suggesting that the two statutes operate in tandem, rather than the PMPA entirely preempting all state law. *See e.g.*, M.C.L. § 445.1804(6) ("A franchisee may not exercise the right of assignment or transfer after he or she has been notified of termination or nonrenewal of the franchise for a cause permitted in the **petroleum marketing practices act**...") (emphasis added); *see also Drery v. Marathon Oil*, 1998 WL 1989877 (Mich.App. 1998). Simply put, the Flatrock defendants have not established that the PMPA was intended to completely preempt state law and thus, cannot establish an exception to the well-pleaded complaint rule.

## IV. CONCLUSION

Based on the foregoing, the undersigned suggests that the Flatrock defendants have not met their burden of showing that either (1) plaintiff's complaint raises a federal question; or (2) an exception to the well-pleaded

---

does not involve the limited exclusions from removal listed in 28 U.S.C. § 1445.").

complaint rule applies in this case. Under these circumstances, defendants' removal to federal court was improper and this matter should be remanded to state court for lack of subject matter jurisdiction. Further, as set forth above, because this Court has no subject matter jurisdiction, the entry of default was improper and the default should, therefore, be vacated.

## V.     RECOMMENDATION

For the reasons set forth below, the undersigned **RECOMMENDS** that the entry of default be **VACATED** and that this matter be **REMANDED** to state court for want of jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service as provided for in [28 U.S.C. § 636(b)(1)](#) and [Local Rule 72.1(d)(2)](#). Failure to file specific objections constitutes a waiver of any further right of appeal. [*Thomas v. Arn*, 474 U.S. 140 (1985)](#); [*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981)](#). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. [*Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991)](#); [*Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: December 9, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 9, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Helal A. Farhat, Robert F. Harrington, and Andrew J. Paluda, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

14

Report and Recommendation
Vacate Default and Remand to State Court
*Michigan Fuels v. Flatrock*; 08-12132