UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FUELS, INC.,

       Plaintiff,

v.

                                               Case No. 08-12132

FLATROCK SABEEH CORP., et al.,         Honorable Julian Abele Cook, Jr.

       Defendants.

ORDER

The Plaintiff, Michigan Fuels, Inc., filed a complaint in the Wayne County Circuit Court of Michigan on February 14, 2008, in which it seeks to obtain damages from the Defendants, Flatrock Sabeeh Corp., Midwest Oil Supply Company, Nagi Ashaif, and Mohssen Harby, on the basis of the following legal theories; to wit, (1) breach of contract, (2) failure to pay, (3) unjust enrichment, (4) fraud and misrepresentation, (5) conversion, (6) promissory estoppel, and (7) tortious interference with contract/business relationship.[1]

On May 13, 2008, three of the Defendants (collectively, the "Flatrock Defendants") - with the exception of Midwest Oil Supply [2]- filed an answer to the complaint, along with a notice of

---

[1] The Plaintiff has accused the Defendant, Midwest Oil Supply, of tortious interference and unjust enrichment. The Plaintiff's claims against the remaining three Defendants have been specifically identified in the first paragraph of this order.

[2] According to the official records in this cause, Midwest Oil Supply filed an answer to the Plaintiff's charges on February 14, 2008 - prior to the removal of this action.

removal pursuant to 28 U.S.C. §§ 1441, 1446(b),[3] which was based on the federal question jurisdiction of this Court. The action was removed to this Court on May 15th, along with the Flatrock Defendants' counter-claim against the Plaintiff.

On July 11, 2008, the Flatrock Defendants filed a pleading, in which they collectively sought the entry of a default pursuant to Fed. R. Civ. P. 55(a),[4] contending that their counterclaim had not been answered in a timely manner. Three days later, the Clerk of the Court filed the requested entry of default. On August 15, 2008, the Plaintiff filed an answer to the Flatrock Defendants' counterclaim, as well as a motion to set aside the default.

Magistrate Judge Michael Hluchaniuk, to whom the Plaintiff's pleadings of August 15th had been referred for an evaluation, filed a report on December 9, 2008 in which he recommended that the Court (1) grant the Plaintiff's motion to set aside the entry of default and (2) remand this action to a state court. As of this date, none of the parties have expressed any objections to Magistrate Judge Hluchaniuk's report. For the reasons that have been set forth below, the Court adopts the magistrate judge's report and recommendation in its entirety.

I.

The Plaintiff is a Michigan corporation that is engaged in the business of wholesale

---

[3] 28 U.S.C. § 1441 states, in part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1446(b) provides, in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . ."

[4] Fed. R. Civ. P. 55(a) reads as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

distribution of gasoline products throughout the State of Michigan. The Flatrock Defendants operate and maintain a service station in Flatrock, Michigan. The other Defendant, Midwest Oil Supply Company, is a corporation that has been licensed by the State of Michigan to buy and distribute selected petroleum products on a wholesale basis.

Prior to the commencement of this litigation, the Plaintiff agreed to sell Marathon Oil products exclusively to the Defendant, Flatrock Sabeeh Corporation ("Flatrock Sabeeh").[5] However and subsequent to the formation of this agreement, a dispute arose between these two parties over its terms. It is the Plaintiff's contention that Flatrock Sabeeh, despite having agreed to purchase at least 1,200,000 gallons of gasoline products every year for a period of seven years, reneged on its contractual obligations, in that it failed make any purchases after only eight months - 7,848,022 gallons short of its alleged contractual obligation. The Plaintiff also asserts that Flatrock Sabeeh, after renaming its service station, entered into another purchasing arrangement with another Defendant, Midwest Oil Supply, all in violation of its contractual commitment to utilize Marathon Oil products exclusively.

Acting upon this perceived breach of a contractual obligation, the Plaintiff commenced this lawsuit in a state court, which the Flatrock Defendants - with the permission of Defendant Midwest Oil Supply - removed to this federal district court.

II.

In responding to the Plaintiff's challenge to the propriety of their removal procedure, the Flatrock Defendants contend that their action in this case was proper because (1) the contract, which sets forth the rights and obligations of the parties, contains a clause that provides as follows:

---

[5]There is a dispute between the parties over the effective date of this agreement.

the parties' "agreement is subject to the Petroleum Marketing Practices Act [PMPA]" and (2) their counter-claim is based on the terms within the PMPA. The Plaintiff disputes the validity of this argument by arguing that the removal action by the Flatrock Defendants was improper because there is no federal question on the face of the complaint.[6]

The party who seeks to remove a state court action to a federal court has the burden of establishing that the federal court has jurisdiction over the proceeding. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (citing *Brittingham v. Gen. Motors Corp.,* 526 F.3d 272, 277 (6th Cir. 2008)). In those situations wherein diversity jurisdiction is inapplicable, the removing party must show that "the plaintiff's allegations establish 'original jurisdiction founded on a claim or right arising under' federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quoting 28 U.S.C. § 1441(b)). In determining whether a cause of action arises under federal law, courts are encouraged to examine the face of a "well-pleaded" complaint without looking to any potential defenses. *Id.* (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Furthermore, Fed. R. Civ. P. 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Moreover, unless the jurisdictional issue has been clearly established, default judgments are considered to be void under Fed. R. Civ. P. 60(b)(4). *See Antoine v. Atlas Turnder, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995); *see also Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("constitutional jurisdictional limitations may justify relief from a judgment under rule 60(b)"). Thus, if the Court

---

[6]The Flatrock Defendants, as the removing parties, have not contended that diversity jurisdiction applies in this case.

lacks subject matter jurisdiction, then the Clerk's entry of default cannot stand and the case must be remanded to a state court.

It is the position of the Flatrock Defendants that this Court has subject matter jurisdiction over the instant action because their counterclaim arises under the PMPA. However, the Supreme Court has held that federal question jurisdiction exists only when the federal question is contained "upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127 (1974). Thus, a defendant "cannot render the case subject to the subject matter jurisdiction of the federal courts by raising federal defenses or counterclaims." *Credit Union One v. Tindall*, 2008 WL 1805333 (E.D. Mich. 2008).

In this case, the complaint does not contain any claims that arise under the PMPA. The Flatrock Defendants submit that this Court has jurisdiction because the contract contains a provision which makes reference to the PMPA. However, the mere mention of a federal statute within a contract does not transform a contractual claim into a federal cause of action. Otherwise, every breach of contract claim under a state law would automatically become a federal claim if the parties' written agreement mentioned or incorporated a federal statute. Notwithstanding the arguments by the Flatrock Defendants, this Court does not have jurisdiction to address and resolve the Flatrock Defendants' counterclaim.

### III.

As an alternative, the Flatrock Defendants argue that (1) federal subject matter jurisdiction exists because the PMPA preempts all state law, and (2) the Plaintiff's claims cannot be heard in a state court. The "complete preemption" doctrine applies whenever Congress enacts a legislative scheme that "occupies the entire field" of a particular subject matter. *Rivet v. Regions Bank of La.*,

522 U.S. 470, 475 (1998). Moreover, when a federal law completely preempts a state law, all state common law causes of action are transformed into federal claims for purposes of the well-pleaded complaint rule. *Ritchie v. Williams*, 395 F.3d 283, 286 (6th Cir. 2005).

It should be noted that the Sixth Circuit Court of Appeals interpreted the PMPA as preempting only those state law claims that set forth "'grounds for, procedures for and notification requirements' with respect to terminations and nonrenewals." *Consumers Petroleum v. Texaco*, 804 F.2d 907, 915 (6th Cir. 1986) (quoting *Bellmore v. Mobil Oil Corp.*, 783 F2d 300, 304 (2d Cir. 1986)). Eight years later, the Sixth Circuit Court of Appeals held that the PMPA does not preempt state law. *See Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1058 (6th Cir. 1994) (inasmuch as Congress, through the PMPA, specified which state claims are preempted by federal regulation, it "implicitly marked the bounds of the power it intended to exercise"). Here, the complaint does not contain any state law claims that would be preempted by the PMPA. Hence, the Plaintiff's allegations, cannot, by virtue of federal preemption, be converted into federal claims for purposes of the "well-pleaded complaint" rule. As such, the Court does not have subject matter jurisdiction over this matter.[7]

V.

Therefore, as there are no federal questions on the face of the Plaintiff's complaint, this Court lacks subject matter jurisdiction. The Court adopts in full Magistrate Judge Hluchaniuk's report and recommendation. Accordingly, (1) the Clerk's entry of default must be vacated and (2) the action is remanded to state court.

---

[7] Contrary to the Flatrock Defendants' contention, PMPA claims are litigated in Michigan courts. *See, e.g., Hamade v. Sunoco, Inc.*, 721 N.W.2d 233 (Mich. Ct. App. 206).

IT IS SO ORDERED.

Dated:  March 11, 2009             s/Julian Abele Cook, Jr.  
       Detroit, Michigan             JULIAN ABELE COOK, JR.  
                                    United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 11, 2009.

                                                                         s/ Kay Doaks  
                                                                         Case Manager